STONE, Administratrix, &c., *against* STEERE and others.

*Bond and mortgage; application of, by agent, to pay his own debt; ratification.*

IN February, 1835, Alanson Pierson, son of Eunice Pierson, was the managing agent of a manufacturing company in the county of Otsego, and a member of the company. That company borrowed of Mrs. Pierson $850, for which the individuals composing it executed to her their bond and mortgage upon the real estate of the company, dated February, 1835. Alanson Pierson acted in her behalf in making the negotiations with the other members of the company, and the money loaned was applied to the uses of the company. The company subsequently became incorporated by the name of the Oaksville Manufacturing Company, and the corporation became the owner of the property covered by the mortgage. In September, 1836, a call was made for an instalment upon the stock of the company, which required the payment of $720 from Alanson Pierson on his stock. He agreed to pay the instalment by applying it in satisfaction of the bond

and mortgage due to his mother, alleging that he was authorized to do so.

The company assented, and gave him credit for the amount of the bond and mortgage, which balanced the $720, and left an excess of $140 due him. This arrangement was made in October, 1836, and it does not appear that the bond and mortgage were present, or at that time in the possession of Alanson Pierson. His mother had consented that he might have the benefit of the bond and mortgage in case he paid or secured to her the amount of it. Mrs. Pierson removed to Michigan in November, 1836, and Alanson Pierson remained the agent of the manufacturing company until the spring of 1837, when he removed to Michigan, and took charge there of his mother's farm. He then informed his mother of the arrangement made with the Oaksville company, but she refused to ratify it unless paid or secured the amount due on the bond and mortgage. He afterwards executed to her a chattel mortgage upon his personal property, for an amount not exceeding half the amount of the bond and mortgage of the Oaksville company, intending it as security to her, to that extent, on account of that bond and mortgage. She accepted it, but refused to receive it as a set-off against her claim on the Oaksville company. The property covered by the chattel mortgage was replevied by her from the marshal, who had seized it on execution against her son.

Mrs. Pierson died in 1840, without having notified the Oaksville company of her dissent to the arrangement made by her son; and this suit was commenced by bill of foreclosure, filed by the administratrix of her estate, before the Vice-Chancellor of the Eighth Circuit, in 1843.

The Vice-Chancellor made the usual decree of foreclosure, holding that the son had no authority to make the arrangement to cancel his own debt with the bond

and mortgage, and that the circumstances did not warrant the inference that Mrs. Pierson had ratified the transaction.

The Supreme Court reversed the decision of the Vice-Chancellor, and dismissed the bill, on the ground that there was sufficient evidence of her ratification of the agreement made by her son, arising from her acceptance of the chattel mortgage, and her neglect to notify the company of her dissent.

The Court of Appeals reversed the decree of the Supreme Court, and directed a decree for the amount due on the bond and mortgage, after applying thereon the proceeds of the chattel mortgage; holding that the son was not authorized to apply the bond and mortgage in satisfaction of his own debt, and that the acceptance by Mrs. Pierson of the chattel mortgage, under the circumstances, did not amount to a ratification of that arrangement.